Julia Maher, Defendant in Error, v. Clyde C. McDonough, Plaintiff in Error.

### Gen. No. 16,749.

1. SALES—*burden of proof as to warranty.* In an action for the price of a mare, the buyer who claims she is not sound as warranted has the burden of proof.

2. APPEALS AND ERRORS—*when court of review does not disturb judgment.* Where there is doubt as to the evidence, and no errors of law, a judgment will not be disturbed.

Error to the Municipal Court of Chicago; the HON. HENRY C. WARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 16, 1912.

MICHAEL D. DOLAN, for plaintiff in error.

HARRY L. SHAVER, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

On April 28, 1910, plaintiff in error went to the premises of defendant in error for the purpose of negotiating for the purchase of a mare. After plaintiff in error had inspected and examined the mare she was hitched to a road-cart and driven by a son of defendant in error, so that plaintiff in error might ob-

serve her in action. Plaintiff in error then gave defendant in error a check for $160, the agreed purchase price, and took the mare to his store, hitched her to a buggy and drove her about two miles about the city. During the drive plaintiff in error observed that the mare traveled lame and that she had a curb on her right hind leg. Plaintiff in error then immediately returned the mare to the premises of defendant in error and stopped payment upon the check and claimed the right to rescind the sale upon the ground that defendant in error had warranted the mare to be sound. Defendant in error directed the mare to be returned to plaintiff in error who again brought her back to the premises of defendant in error, and left her there. Payment having been refused upon the check given by plaintiff in error for the purchase price of the mare, defendant in error brought suit against plaintiff in error in the Municipal Court to recover the purchase price, together with the reasonable expense of keeping the mare. A trial by the court without a jury resulted in a finding and judgment against plaintiff in error for $180, to reverse which judgment he prosecutes this writ of error.

Defendant in error made an attempt to show that the mare became lame, if at all, by reason of the manner in which she was driven by plaintiff in error upon the hard pavements, but the main question involved is whether or not defendant in error warranted the mare to plaintiff in error to be sound. Upon this issue the burden of proof was upon plaintiff in error. The evidence bearing upon this issue is close and conflicting, and a careful consideration of the same, as it appears in the record, has merely produced a doubt in our minds as to whether or not defendant in error in fact warranted the mare to be sound, and as to the propriety of the finding and judgment. When a court of review, upon a consideration of the evidence in a record, merely entertains a doubt whether or not the finding and judgment of the trial court was justified,

and no errors of law intervene, it is not warranted in disturbing such finding and judgment. There is no claim that the judgment is excessive, if defendant in error is entitled to recover.

We are unable to say that the finding is against the manifest weight of the evidence and the judgment will be affirmed.

*Judgment affirmed.*